BROWN v. STATE.

## Opinion delivered May 13, 1918.

1. CRIMINAL LAW—REFUSAL OF CONTINUANCE—DISCRETION.—Where the record did not show that any testimony was introduced on accused's motion for continuance to show the extent of the illness of accused's mother and baby, alleged as ground for continuance, the appellate court can not determine whether a refusal of continuance was an abuse of discretion.

2. CRIMINAL LAW—CHANGE OF VENUE—"CREDIBLE PERSON."—Where motion for change of venue was presented, with supporting affidavits of eight persons, who on oral examination disclosed that they had no general knowledge as to the state of mind of the inhabitants of the whole country, and that their information was confined practically to one township, the court's finding that they were not "credible persons" within the statute was justified.

3. CRIMINAL LAW—HARMLESS ERROR—SELECTION OF JUROR.—Where the record failed to show that accused exhausted his peremptory challenges, assignment of error to the holding that one talesman was a competent juror is not available.

4. JURY—CHALLENGE—DISCRETION OF COURT.—It is a matter within the sound discretion of the trial court to determine whether one party, after the acceptance of ten jurors, should be permitted to exercise the right of challenge against a juror already accepted.

5. CRIMINAL LAW—HEARSAY EVIDENCE.—In prosecution for selling intoxicating liquor, testimony as to what a third person said before the whiskey in question was produced was properly excluded as hearsay, where such statement was not shown to be a part of the sale.

6. CRIMINAL LAW—HEARSAY EVIDENCE.—Declarations of third person, subsequent to offense, indicating his guilt thereof, are excluded under the hearsay rule.

7. CRIMINAL LAW—REPETITION OF INSTRUCTIONS.—Refusal of instructions, fully and correctly covered by instructions given, is not error.

8. CRIMINAL LAW — INSTRUCTIONS — CIRCUMSTANTIAL EVIDENCE.— Where the State produced one witness, who testified that he saw accused receive the money and deliver the whiskey, refusal of instruction that the State relied upon circumstantial evidence was proper.

Appeal from Garland Circuit Court; *Scott Wood*, Judge; affirmed.

*Arthur Cobb* and *Richard Ryan*, for appellant.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

McCulloch, C. J. Appellant was indicted, tried and convicted of the offense of selling intoxicating liquor.

The first assignment of error urged here for reversal of the judgment relates to the ruling of the court in refusing to grant a continuance. The continuance was asked on account of the absence of certain witnesses, and for the further reasons that appellant's mother was "sick and under the care of his father," and that "in addition to the above sickness, the defendant's baby, who is ten months old, is very sick and suffering with a rising in the head, and that the defendant is in no mental condition or state of mind on account of said sickness to go to trial or properly advise with his attorneys." A reversal is not urged on the ground of the absence of witnesses, but it is insisted that the court ought to have granted a continuance on account of the illness of appellant's mother and baby. It does not appear from the record that any testimony was introduced on the motion to show the extent of the illness of appellant's mother and baby, so we are unable to determine whether or not the court abused its discretion in refusing to postpone the trial on that account.

The next assignment urged is that the court erred in refusing to grant a change of venue. The motion for change of venue was presented with supporting affidavits of eight persons, all of whom were examined orally before the court. The testimony given on the examination disclosed the fact that none of the affiants had any general knowledge as to the state of mind of the inhabitants of the whole country, and their information was confined to a very limited portion of the county, practically to one township. We can not say that the court was not justified in finding that the persons who made the affidavits were not credible persons within the meaning of the statute.

It is next insisted that the court erred in holding that A. T. Moody, a talesman, was a competent juror, but it does not appear from the record that appellant exhausted the peremptory challenges allowed under the statute, and that assignment of error is not available.    After ten jurors had been accepted by both sides, appellant asked that permission of the court be given to reconsider the acceptance of the jurors and to peremptorily challenge one of the jurors already accepted, but the court refused to permit it to be done.    No reason was offered for the exercise of the challenge at that particular time, and it was a matter within the sound discretion of the court to determine whether or not one of the parties at that stage of the proceedings should be permitted to exercise the right of challenge.    *Allen* v. *State*, 70 Ark. 337.

The next ground urged for reversal is that the court erred in refusing to allow testimony to be adduced tending to show declarations or statements made by a certain person, Williams by name, alleged to have been made "immediately prior" to the sale of whiskey charged to have been made by appellant.    The circumstances under which the sale of whiskey was made by appellant, according to the testimony adduced by the State, are these: A party of boys or young men, including Charlie Robbins and Will McGrew, the State's witnesses, were working at a stave mill in Garland County, and gathered together in a public road near the mill, and a conversation came up about getting something to drink, two or three of the boys stating that they would like to have something to drink.    Appellant was one of the party gathered there on this occasion, and was accompanied by his father-in-law, one Williams, who had recently come to Arkansas from the State of Oklahoma.    Robbins testified that during the conversation either appellant or Williams (he was not sure which of them it was) left the crowd immediately after the remark made by the boys about wanting something to drink, and came back in a short while and placed on the ground "some white looking stuff," which they all drank, and that he (witness) threw down $2.    The

witness did not state what became of the money that he placed on the ground. The other witness, McGrew, testified, however, that he did not hear what was said before the whiskey was brought, but that he saw Robbins "lay down a two-dollar bill and saw Ed Brown pick it up and disappear and then came back and put down a quart of whiskey," which the members of the party drank. Appellant testified that he did not sell any liquor to Robbins, but admitted that he was present on the occasion described with his father-in-law, and that he saw Robbins "go to a tree top and bring back some liquor." Appellant offered to prove by the witness who was present on this occasion that "immediately prior to the alleged transaction of the sale of the quart of whiskey to Chas. Robbins that the man Williams, who was in company with the defendant Ed Brown told him that he had come to Arkansas for the purpose of looking out a location and had brought some whiskey with him." It does not appear how long before the whiskey was produced that this statement of Williams was made, nor is it shown that Williams offered whiskey for sale. The offered testimony does not make the alleged statement of Williams a part of the sale so as to render the testimony competent on that account. The offered testimony was, therefore, purely hearsay and the trial court was correct in excluding it. Appellant also offered to prove by certain witnesses that subsequent to the alleged sale of whiskey on the occasion mentioned Williams admitted that he had brought the whiskey from Oklahoma. This was offered as an admission on the part of Williams that he, and not appellant, had committed the offense set forth in the indictment. This question was thoroughly discussed in the case of *Tillman* v. *State,* 112 Ark. 236, where we held that "declarations or confessions of guilt by third parties fall within the rule against hearsay testimony and are not admissible."

Two of the instructions requested by appellant related to the question of burden of proof, and that question was fully and correctly covered by other portions of

the court's charge, and there was no error in refusing to give those particular instructions on the subject. The third instruction, which the court refused to give, was erroneous in telling the jury that the State relied upon circumstantial evidence to prove the guilt of the accused. The State did not depend upon circumstantial evidence, but produced a witness who testified that he saw appellant receive the money and deliver the whiskey.

There is no error in the proceedings, and the judgment is, therefore, affirmed.